UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Samantha H. Linder, | ) | CASE NO. 1:25 CV 2050 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Cleveland Clinic Foundation, | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Samantha H. Linder filed this medical negligence action against the Cleveland Clinic Foundation ("CCF"). In her Complaint, she claims a CCF representative told her that her laproscopic surgery was "normal." She alleges that information was inaccurate and admits that she became emotional at the news. She states that she was terminated as a patient as a result of her outburst. She alleges that two years later, she is scheduled for major surgery due to progression of her medical conditions. She asserts claims for medical negligence, racial discrimination under Title VI, "Disability Discrimination (Section 504)," and retaliation. She seeks unspecified monetary damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**BACKGROUND**

Plaintiff's Complaint is very brief. She alleges that she had 3 miscarriages between 2019 and 2021. She indicates that she had MRI testing in September 2023 which showed endometriosis as well as adhesions in her uterus, bladder, and rectum. In October 2023, CCF OB/GYN Lindsay Valentine confirmed the adhesions during a preoperative consultation. She states that she underwent laproscopic surgery at CCF and the pathology report confirmed endometriosis. She claims that in a post-operative appointment on October 27, 2023, a "representative" of CCF told her that her surgery was "normal." Plaintiff does not elaborate on the conversation or the medical qualifications of the representative with whom she had the discussion. Plaintiff admits that she had an emotional response to the news. She does not provide any information regarding this outburst or her discussions with the representative. CCF staff viewed her behavior as threatening and informed her in November 2023 that they were terminating her as a patient due to behavioral concerns.

Plaintiff alleges that in April 2024, she obtained further imaging. She does not indicate which health care provider ordered or conducted the imaging. She claims that this imaging confirmed "ongoing disease." She claims she is scheduled for a hysterectomy on October 6, 2025.

Plaintiff lists four causes of action. First, she asserts medical negligence, stating that the Defendant failed to properly diagnose and treat her endometriosis and related conditions. Second, she asserts racial discrimination (Title VI), claiming the "Defendant treated [her] emotional distress as threatening and terminated her care due to racial bias." (Doc. No. 1 at

PageID #: 2). Third, she asserts disability discrimination (Section 504), claiming the "Defendant discriminated against [her] due to her chronic gynecological condition and terminated her access to care." (Doc. No. 1 at PageID #: 2). Finally, she asserts retaliation, claiming the "Defendant retaliated against [her] for filing complaints and seeking accountability by terminating her patient relationship." (Doc. No. 1 at PageID #: 2).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### **DISCUSSION**

Plaintiff's Complaint contains only 2 claims that clearly fall under federal law: her racial discrimination claim under 42 U.S.C. § 2000d (Title VI) and her disability discrimination claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The legal basis for her retaliation claim is not apparent from the Complaint. Nevertheless, none of these causes of action contains sufficient factual allegations to state a plausible claim for relief.

In Count II of her Complaint, Plaintiff asserts a claim of racial discrimination under 42 U.S.C. § 2000d. The Court is aware that at this stage Plaintiff is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, she must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570; *Iqbal*, 556 U.S. at 678. Even though her Complaint does not need to contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.). Plaintiff's Complaint never rises above the speculative level. The Court is left to guess her race, what was said to her at the post-operative appointment, how she reacted to the news, and why she believes

her race was the motivating factor in CCF's decision to discontinue treating her. There are no factual allegations to state a claim for relief under Title VI.

Similarly, in Count III of her Complaint, Plaintiff asserts a claim under "Section 504." Section 504 of the Rehabilitation Act ("RA") states that "[n]o otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance... ." 29 U.S.C. § 794(a). Putting aside the question of whether endometriosis would qualify as a disability under the RA, Plaintiff has not alleged facts to plausibly suggest that she was denied further treatment solely by reason of her endometriosis. To the contrary, Plaintiff alleges she was denied further treatment due to her behavior at a post-operative appointment. Plaintiff's Complaint contains no facts to support a discrimination claim under the RA.

Plaintiff's retaliation claim in Count VI is stated entirely as a legal conclusion. She does not allege any facts to suggest that she filed a complaint, with whom she filed it, against whom she filed it, what that complaint alleged, and what result it achieved. There is no suggestion that her filing a complaint led to the termination of treatment. Again, Plaintiff alleges that she was terminated as a patient based on her behavior at an appointment

Finally, Plaintiff's medical negligence claim arises, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court,

however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear her state law claim.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge